**STATE of Utah, Plaintiff and Respondent,**

v.

**Anita Cuba WALKER aka Anita Cuba Lofgreen aka Kelly Walker, Defendant and Appellant.**

**No. 870434–CA.**

Court of Appeals of Utah.

April 7, 1988.

---

Phil L. Hansen, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Earl Dorius, Asst. Atty. Gen., for plaintiff and respondent.

Before GARFF, JACKSON and ORME, JJ. (On Law and Motion).

## MEMORANDUM DECISION

### PER CURIAM:

This matter is before the Court on a motion to reinstate appeal filed by appellant's counsel.

Appellant was charged by information, dated August 14, 1985, with exploiting prostitution, a third degree felony. She was convicted after a jury trial. A judgment, sentence and conviction were entered on May 16, 1986, sentencing appellant to a term not to exceed five years in prison and a fine of $2,500. The prison sentence was stayed and appellant was placed on probation for eighteen months. One condition of probation was thirty days in Salt Lake County Jail, which was stayed pending further order of the trial court, and another condition was payment of the fine.

Appellant filed a notice of appeal on June 13, 1986. On the same date, appellant's counsel filed a certificate concerning the order of the transcript, a designation of record, and a motion for certificate of probable cause. In each instance, the documents were served on the Salt Lake County Attorney, although they should have been directed to the Utah Attorney General's Office. A certificate of probable cause was issued on June 13, 1986 conditioned on posting an appeal bond of $5,000.

Appellant's counsel apparently took no action on the appeal after June 13, 1986. Rule 9 of the Utah Rules of Appellate Procedure, then in effect, required appellant to file a docketing statement on or about July 5, 1986;[1] however, no docketing statement has ever been filed. Although a transcript was apparently ordered, it has not been filed with the trial court. In addition, this Court could locate no record of filing of the appeal bond, and appellant's counsel admitted at the hearing on the present motion that the original bond appeared unsigned in his personal file in the case.

■ On October 6, 1987, the trial court record was transmitted to the Utah Court of Appeals. Also on October 6, the Clerk of the Utah Court of Appeals sent a letter to appellant's counsel. Appellant's counsel did not respond. The case was dismissed on October 28, 1987, pursuant to R.Utah Ct.App. 3(a), for failure to file a docketing statement. The present motion to reinstate

---

1. The Utah Rules of Appellate Procedure went into effect on January 1, 1985. The Rules have since been replaced by the Rules of the Utah Court of Appeals and the Rules of the Utah Supreme Court. The provisions of Rule 9 have remained the same throughout the period of this appeal. The relevant portion of Rule 9 required appellant's counsel to file a docketing statement within twenty-one days after the notice of appeal was filed.

was filed on January 21, 1988, almost three months later.

Appellant's counsel contends that he was not properly notified of the requirements to prosecute the appeal and not given appropriate notice that failure to take further action would result in dismissal of the appeal. We find these contentions to be wholly without merit.

■ The record before this Court reflects that counsel took no action beyond the preliminary steps for initiating the appeal. After obtaining a certificate of probable cause, counsel failed to comply with the trial court's condition of posting a $5,000 appeal bond, and failed to take any further action to prosecute the appeal. Rule 9 specifically requires an appellant to file a docketing statement within twenty-one days after the notice of appeal is filed. Rule 9(e) indicates that failure to file the docketing statement "may result in dismissal of the appeal." Counsel failed to file the docketing statement. The mandate of the rule is clear, and no action or notice by an appellate court is necessary to trigger the "due date" for the docketing statement.

The actions of appellant's counsel have caused the present appeal to be dormant from June 13, 1986 to January 21, 1988, when the motion to reinstate was filed. Counsel's failure to comply with the requirements of applicable appellate rules has resulted in the expenditure of time by the Clerk of this Court and his staff in attempting to determine the status of the appeal. Appellant's counsel represented in the hearing on this motion that he was in the process of moving from one office to another during October of 1987 and that he did not recall receiving the inquiry from the Clerk of this Court. Counsel did, however, receive the order of dismissal, and had no viable explanation for the delay of almost three months in filing a motion to reinstate. The review and disposition of the motion has again necessitated the expenditure of time and effort by the Clerk and legal staff of this Court and, ultimately, by the law and motion panel of this Court. In addition, this matter was origi-nally scheduled to be heard on Monday, February 22, 1988 at 9:00 a.m., but was rescheduled as a result of a telephone call by appellant's counsel, pleading a scheduling conflict, on the afternoon of the preceding Friday.[2] The matter was finally heard on Monday, March 21, 1988. The Utah Attorney General's Office twice sent an attorney to appear for hearing on this motion to reinstate. As a result of counsel's belated notification of his scheduling conflict, both the Attorney General's representative and the judges of the law and motion panel had to prepare for hearing twice.

We detail the foregoing to underscore the far-reaching consequences of the pattern of neglect by appellant's counsel in this case. Counsel's actions, even if not detrimental to the interests of his client, have been at the expense of the interest of the people of this state in the orderly prosecution and culmination of criminal proceedings and have worked a significant imposition on this Court.

Because we are concerned that refusal to reinstate the appeal will result in a denial of appellant's right to an appeal in a criminal matter, we reinstate the appeal subject to the following conditions:

(1) Within ten (10) days of the date of this decision, the docketing statement shall be filed and counsel shall provide notice to this Court that a transcript will not be required or that satisfactory arrangements have been made for preparation of the transcript within thirty (30) days of the date of such notice;

(2) Appellant's counsel is ordered to pay $1000 to the Court as a sanction. R.Utah Ct.App. 33. This amount must be paid personally by appellant's counsel and shall not be borne, directly or indirectly, by the appellant.

GARFF, JACKSON and ORME, JJ., concur.

---

**2.** Notice of the hearing had been mailed on February 2, 1988.